**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hypercom Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Verve, L.L.C.,<br><br>    Defendant. | No. 04-CV-0400-PHX-PGR<br><br>**ORDER** |

Currently pending before the Court is Hypercom's Motion to Compel Omron Corporation to Produce Herb Kerner for Deposition (Doc. 55), filed on May 27, 2005. According to Hypercom, Kerner was a central actor in the conspiracy alleged in their complaint which they note is the heart of the jurisdictional issues before the Court. However, this Court ruled on August 9, 2005 that the Court does, in fact, have subject matter jurisdiction over this controversy; therefore, this issue is moot. As far as any additional need Hypercom may have to depose Kerner, the Court concludes that Hypercom has failed to meet the rather substantial burden necessary for the Court to grant such a motion.

As the parties point out, Arizona courts are yet to rule on the standard for deposing an opposing party's attorney in an underlying transaction that forms the basis of a lawsuit. However, at least two California District Courts have held that a party may depose an opposing party's counsel "only if he can show that: (1) no other means exist to obtain the information than to depose the opposing counsel; (2) the information sought is relevant and

1 non-privileged; and (3) the information is crucial to the preparation of the case."
2 Massachusetts Mut. Life Ins. Co. v. Cerf, 177 F.R.D. 472, 481 (N.D. Cal. 1998), citing
3 Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986); American Cas. Co. of
4 Reading, PA v. Krieger, 160 F.R.D. 582, 589 (S.D. Cal. 1995) (citing and following
5 Shelton).  The party seeking the deposition, in this case Hypercom, bears the burden of
6 establishing that such a deposition is necessary.  Krieger, 160 F.R.D. at 588.  Omron
7 maintains that Hypercom has not met its burden under the Shelton test; therefore, its motion
8 must be denied.  Furthermore, Omron states that Hypercom does not even address the third
9 factor of the Shelton test – that there is no other means by which Hypercom can obtain the
10 information that Kerner can provide during a deposition.  The Court agrees.  It is apparent
11 that Hypercom hasn't met the substantial burden necessary for this Court to compel the
12 deposition of Omron's counsel.[1]   However, this is not to say that Hypercom will be unable
13 to demonstrate its need to depose Kerner at some future point in this litigation.  Accordingly,
14 	IT IS ORDERED that Hypercom's Motion to Compel Omron to Produce Herb Kerner
15 for Deposition (Doc. 55) is DENIED without prejudice..
16 	DATED this 19th day of October, 2005.

Paul G. Rosenblatt
United States District Judge

---

[1] In fact, the Court notes that Hypercom even failed to submit a reply to the Defendants' response to Hypercom's original motion