IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| HYPERCOM CORPORATION,<br><br>            Plaintiff,<br><br>vs.<br><br>VERVE L.L.C., and OMRON CORPORATION,<br><br>            Defendants. | Civil Action No. CV 04-0400 PHX PGR<br><br>**PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION** |

The Court, having considered the parties' Stipulation for Entry of Protective Order for the Protection of Confidential Information and Trade Secrets, and finding good cause, hereby enters the following Protective Order pursuant to Rule 26(c)(7), Fed.R.Civ.P., to protect information produced or revealed during discovery in this matter that the parties identify as containing trade secrets and confidential research, development, or commercial information.

**I.      FINDING OF GOOD CAUSE**

The parties agree that a protective order is necessary to facilitate the disclosure of confidential documents during the course of discovery related to this action and Civil Action No. CV-05-365-PHX-FJM, and to govern use in this action of discovery produced in other cases between Verve, LLC and Hypercom Corporation produced pursuant to a protective order (collectively referred to as the "Litigation"). The Court finds that good cause has been shown for the entry of a protective order governing the access, use and

disclosure of materials that have and will be produced in the course of discovery in this action, and to facilitate use of confidential information produced in other cases which may be used in this action. Specifically, the Court finds that good cause exists to designate as confidential the following categories of documents and information: trade secrets and confidential research, development, or commercial information exchanged during discovery, including confidential financial information that has not been disclosed in filings with the Securities and Exchange Commission, source code, software specifications, software manuals, software requirements documents, internal software tools, software design documents. Unrestricted access to forward looking financial information beyond that disclosed in filings with the Security and Exchange Commission would prejudice a party's efforts to comply with regulations promulgated by the Commission. Unrestricted access to a party's source code, software specifications, software manuals, software requirements documents, internal software tools, and software design documents by another party, including employees who are involved in software development, would allow the receiving party to duplicate the other party's trade secrets, resulting in a competitive disadvantage to the producing party.

No party may designate information or materials as confidential pursuant to this Order unless the designating party has a good faith basis for claiming that the information or materials so designated actually contain trade secrets and confidential research, development, or commercial information.

## II.     **TERMS OF PROTECTIVE ORDER**

IT IS ORDERED that documents and other discovery materials designated as Confidential Information in accordance with the provisions of this Order shall be treated as set forth in the following paragraphs:

### A.     **Definitions**

1.     "Confidential Information" refers to information that contains trade secrets and confidential research, development, or commercial information (whether it be a document, information contained in a document, information revealed during a

deposition, information revealed in an interrogatory answer, or otherwise), and which the supplying party designates (or, in the case of information provided by a third-party information that the third-party designates), as "Confidential."

    2. The term "person" means all natural persons, corporations, limited liability companies, unincorporated associations, partnerships, joint ventures, municipal corporations and governmental entities or other artificial persons of any kind no matter how identified or how organized.

    3. The term "documents" shall have the full meanings ascribed to it under Rule 34 of the Federal Rules of Civil Procedure.

    4. The term "testimony" includes all depositions, declarations, affidavits, or discovery responses given pursuant to the Federal Rules of Civil Procedure.

**B.  Designation of Information as Confidential**

    1. A party producing a document or copy thereof (or, in the case of a document or copy provided by a third-party, the third-party or a party hereto), or a party or third-party producing source code, may designate such document or source code as Confidential Information by marking each page containing such information with a legend containing the following language or substantially similar language: "Confidential-Subject to Protective Order." Documents produced during proceedings before the International Trade Commission in Investigation 337-TA-524 may be used in this action, and any confidential markings placed on such documents pursuant to the administrative protective order in that investigation may be removed and replaced by the above language.

    2. A party's or third-party's designation of documents or things as containing Confidential Information shall be subject to independent judicial review as provided herein.

    3. Where it is impracticable to affix the notice specified above, any producing party or, in the case of documents produced by a third-party, the third-party or a party hereto may, by written notice to counsel in this action, or by a statement on the record during a deposition, designate any or all of the documents, information or materials

1 produced by that party or a third-party, or any or all categories of the documents,
2 information or materials produced by that party or a third-party, as Confidential
3 Information pursuant to this Order. Such designation shall have the same effect as if each
4 individual item so designated actually was marked as set forth above.

5     4. Any party may designate as Confidential Information any unpublished
6 materials that it has previously produced or exchanged without such designation or that
7 have been produced by another party or a third-party and were not designated as
8 Confidential Information at the time produced, if the failure to designate the materials as
9 Confidential Information at the time of production was inadvertent or a mistake, and the
10 materials are not otherwise available to the public. Any third-party may designate as
11 Confidential Information any materials that it has previously produced without such
12 designation, if the failure to so designate at the time of production was inadvertent or a
13 mistake, and the materials are not otherwise available to the public. Notice of such post-
14 production designation shall be given in writing to all parties to whom such materials have
15 previously been furnished.

16 It shall be the responsibility of the producing party to prepare new copies of the
17 materials bearing the legend "Confidential- Subject to Protective Order," and then send
18 those correctly designated copies to all of the parties as soon as practicable. Such a
19 corrected designation shall have the same effect as if each individual item so designated
20 actually was marked as set forth above, provided that no one shall be found to have
21 violated this Order because of any use or disclosure of such materials that occurred prior
22 to receipt of written notice that the materials were inadvertently produced, or produced by
23 mistake, without the required designation. Upon receipt of the correctly designated
24 materials, each party shall destroy or return to the producing party all copies of the
25 inadvertently or mistakenly produced materials.

26     5. No person shall use documents and testimony designated as Confidential
27 Information except for the purpose of the Litigation, absent order of the Court or written
28 agreement of counsel on behalf of the party or third-party who designated the information

as Confidential Information. No person shall disclose, make available, or communicate documents and testimony designated Confidential Information, or summaries of such information or documents, to any other person except the following:

    a.    the attorneys for Hypercom Corporation, the attorneys for Omron Corporation, the attorneys for the counter-defendants in Civil Action No. CV-05-365-PHX-FJM, clerical personnel working for such attorneys, and other personnel who have been employed by or retained by such attorneys in connection with the Litigation, including paralegals, law clerks, court reporters, secretaries or shorthand reporters;

    b.    in-house attorneys who are employees of a party, and secretaries and support staff directly employed by such in house attorneys;

    c.    officers and employees of the parties whose assistance is required in the preparation of the Litigation for trial or who must make business decisions in connection with the conduct or settlement of the Litigation, and who must have access to the materials to render effective assistance or to make such decisions;

    d.    independent expert witnesses and independent expert consultants who have been retained in connection with the Litigation by the attorneys for plaintiff and defendant for purposes of discovery or trial preparation, including clerical personnel directly employed by or retained by such expert witnesses or consultants; and,

    e.    the Court and Court personnel, including court reporters engaged in proceedings in the Litigation.

6.    Each officer and employee of a party, and any expert witness or consultant, must first be advised of the terms of this Order and shall sign a copy of an Acknowledgment of Protective Order, a copy of which is attached hereto as Exhibit "A," acknowledging and accepting the terms of this Order, submitting to the jurisdiction of the

Court for the purposes of enforcement of this Order, and agreeing that such Confidential Information shall be used solely for the purposes of the Litigation and not for any other purpose or any other case, before any Confidential Information may be disclosed to them. Any such person who refuses to execute Exhibit "A" and/or refuses to agree to be bound by this Order shall not be provided with Confidential Information. It is unnecessary for counsel of record or clerical and other personnel directly employed by or retained by them in connection with the Litigation, including paralegals, law clerks, court reporters, secretaries or shorthand reporters, or Court personnel, to execute a copy of Exhibit "A" hereto.

      7.     If Confidential Information is used during a deposition related to the Litigation, the court reporter shall affix an appropriate legend to the cover page of the deposition and each copy of the deposition. After a deposition is transcribed, a party or a witness may designate specific pages of the deposition transcript, containing confidential research, development, or commercial information, as Confidential Information by informing counsel for all other parties to this action in writing within thirty (30) days after receipt of the transcript, as to the specific pages deemed confidential and thereafter such pages shall be protected under the terms of this Order. Until the expiration of the thirty-day period following receipt of a transcript, the entire transcript shall be treated as confidential and protected under this Order. Upon receipt of a notice designating pages as confidential, any party in possession of copies of such designated transcript shall affix the appropriate legend thereto.

      8.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial, nor shall this Order have any effect on claims of privilege.

     **C.**     **Protection of Confidential Information**

      1.     Nothing herein shall prevent a party from investigating the facts presented in a deposition. Without limiting any other provision of this Order, where deposition

testimony is designated Confidential Information, the actual transcript of such confidential testimony and designated exhibits shall not be shown or provided to any person who is not entitled to receive Confidential Information under the terms of this Order, with the exception of the deponent.

    2.    In the event that documents are filed with the Court, it is the Court's policy, given the strong presumption in favor of public access to court records in civil cases and the Court's limited storage space for sealed documents, not to allow parties to file entire documents under seal simply because some portion of the document may contain confidential information. In order to ensure that the parties use the least restrictive means possible to protect confidential information contained in documents filed with the Court, the Court will require the following:

**Filing a Document Designated as Confidential Information by the Party That Is Filing the Document**

    a.    Any document filed with the Court that was designated as Confidential Information by the submitting party, including memoranda of points and authorities, deposition transcripts, and exhibits, that reference Confidential Information, shall have deleted from the original filed documents only, just those specific sentences or paragraphs containing the Confidential Information. A blank space shall be inserted at the site of the deletion in the original document which shall contain the notation that confidential information has been deleted and filed separately under seal.

    b.    The pages containing those deleted sentences or paragraphs shall be filed separately in a sealed envelope that is endorsed with the caption of the case, the caption of the document, and the notation: "Contains Confidential Information. Subject To Protective Order - To Be Opened Only As Directed by The Court". The pages filed under seal shall be accompanied by a properly labeled CD-ROM containing a

.pdf of the sealed documents in compliance with the current provisions of the Court's Case Management/Electronic Case Filing Administrative Policies and Procedures.

 c. The Judge's copy of the filed documents shall not contain any deletions, but the sentences and paragraphs deleted from the original document shall be double underlined on the Judge's copy and a notation placed on those pages stating that Confidential Information is contained therein.

**Filing a Document Designated as Confidential Information by Another Party**

 d. If a party wishes to file a document that has been designated as Confidential Information by another party, including memoranda of points and authorities, deposition transcripts, and exhibits, that reference information designated as Confidential Information by another party, the submitting party shall comply with the above procedures for documents filed with the Court that were designated as Confidential Information by the submitting party to the extent that the submitting party can identify the specific sentences or paragraphs containing such Confidential Information. Otherwise, the submitting party is hereby given leave to temporarily file the entire document in a sealed envelope that is endorsed with the caption of the case, the caption of the document, and the notation: "Contains Confidential Information. Subject to Temporary Protective Order Pending Specific Identification Of Confidential Information By The Party Claiming Confidentiality", accompanied by a properly labeled CD-ROM containing a .pdf of the sealed documents in compliance with the current provisions of the Court's Case Management/Electronic Case Filing Administrative Policies and Procedures.

- 8 -

  e. In the event that the submitting party temporarily files documents under seal which contain information designated as Confidential Information by another party, the submitting party shall give notice of such temporary filing to the other party who designated the information as Confidential Information, and such other party must, within 10 days thereafter, file with the Court a public version of the original filed documents that shall have deleted from the original filed documents only, just those specific sentences or paragraphs containing the Confidential Information, together with a declaration establishing that the deleted information is Confidential Information. A blank space shall be inserted at the site of the deletion in the original document which shall contain the notation that confidential information has been deleted and filed separately under seal. If the designating party does not file the materials required by this Order, the document or proposed filing will be made part of the public record.

  f. In addition, the designating party shall file separately in a sealed envelope the pages containing those deleted sentences or paragraphs and the envelope shall be endorsed with the caption of the case, the caption of the document, and the notation: "Contains Confidential Information. Subject To Protective Order - To Be Opened Only As Directed by The Court". The pages filed under seal shall be accompanied by a properly labeled CD-ROM containing a .pdf of the sealed documents in compliance with the current provisions of the Court's Case Management/Electronic Case Filing Administrative Policies and Procedures.

  g. The Judge's copy of the filed documents shall not contain any deletions, but the sentences and paragraphs deleted from the original

document shall be double underlined on the Judge's copy and a notation placed on those pages stating that Confidential Information is contained therein.

3. The Clerk of this Court is directed to maintain under seal any documents filed in this action which have been filed under seal in accordance with the provisions of this Order. In the case of documents that are temporarily filed under seal, and which do not become a part of the public record, the Clerk of this Court may return the documents to the filing party or dispose of the documents, and shall substitute the materials filed by the designating party in accordance with the terms of this Order.

4. This Order shall not govern the treatment of Confidential Information at trial. Any protection to be given to Confidential Information at trial shall be addressed separately by the Court in the pretrial order, by separate order, or otherwise.

5. No person shall attend portions of depositions involving testimony about Confidential Information unless such person is authorized to receive that Confidential Information under the terms of this Order and is in compliance with the terms of this Order.

6. Any party receiving Confidential Information shall use it solely for purposes of the Litigation.

7. Within sixty (60) days of the final disposition of the Litigation, copies of all documents, information or materials containing any information designated as Confidential Information which have previously been exchanged, produced and/or disseminated to any person shall be retrieved by the disseminating person and returned to the producing party, except as otherwise agreed by the parties or provided in any subsequent Court order or judgment.

8. Nothing shall prevent use or disclosure beyond the terms of this Order if the party or third-party designating the information as Confidential Information consents to such use or disclosure.

**III.   CHALLENGES TO DESIGNATIONS OF CONFIDENTIALITY**

1.   A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2.   Any person may challenge the designation of any documents filed under seal with the Court or which have been designated as Confidential Information. If any party or third-party contests the confidential nature of any documents filed under seal or designated as Confidential Information pursuant to this Order, the party contesting confidentiality shall give written notice to the designating party setting forth with reasonable specificity the materials which the contesting party contends is not confidential, and such parties shall make a sincere effort to satisfactorily resolve the issue. If the parties are unable after personal consultation and sincere efforts to resolve the matter, the challenging party may file a motion to unseal the documents or the designating party may file a motion for an Order confirming the confidentiality of the documents. The burden shall be on the designating party to show good cause for the documents in question remaining under seal.

**IV.   LIMITED EFFECT OF ORDER**

1.   Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information as it deems appropriate.

2.   This Order shall be without prejudice to the right of the parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

**V.     MODIFICATIONS TO THE ORDER**

Any party may apply at any time to the Court for a modification of or an exception to this Order. The parties may at any time by stipulation agree to a modification or an exception to this Order.

DATED this 15th day of May, 2006.

_____
Paul G. Rosenblatt
United States District Judge